Amy B. Alderfer (SBN 205482)
aalderfer@cozen.com
Brett N. Taylor (SBN 274400)
btaylor@cozen.com
COZEN O'CONNOR
601 S. Figueroa Street
Suite 3700
Los Angeles, CA  90017
Telephone: 213.892.7900
Facsimile: 213.892.7999

Attorneys for Defendants
USPLABS, LLC, GNC CORPORATION,
VITAMIN SHOPPE INDUSTRIES INC.,
THE VITAMIN SHOPPE, and Specially
Appearing Defendants JONATHAN
VINCENT DOYLE, JACOB GEISSLER,
USPLABS OXYELITE, LLC, and
USPLABS OXYELITE PN, LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE NADURA, ANGELA ABRIL-GUTHMILLER, SARAH ROGERS, JENNIFER APES, ELLEN BEEDIE, EDMUNDO CRUZ, and CHRISTOPHER ALMANZA,<br><br>Plaintiffs,<br><br>vs.<br><br>USPLABS, LLC, JONATHAN VINCENT DOYLE (an individual), JACOB GEISSLER (aka JACOBO GEISSLER) (an individual), USPLABS OXYELITE, LLC, USPLABS OXYELITE PN, LLC, GNC CORPORATION, VITAMIN SHOPPE INDUSTRIES INC., THE VITAMIN SHOPPE, S.K. LABORATORIES, INC., VITA-TECH INTERNATIONAL, INC., and DOES 1-500, Inclusive,<br><br>Defendants. | No. 2:15-cv-03267-R-(JCGx)<br><br>[Assigned for all purposes to Hon. Manuel L. Real, Courtroom 8, 2nd Floor]<br><br>Magistrate Judge Jay C. Ghandi<br><br>DEFENDANTS USPLABS, LLC, GNC CORPORATION, VITAMIN SHOPPE INDUSTRIES INC., AND THE VITAMIN SHOPPE'S ANSWER TO THE COMPLAINT<br><br>Complaint: March 13, 2015<br>Removal: April 30, 2015 |

1   BY AND THROUGH THEIR RESPECTIVE COUNSEL, Defendants

2   USPLABS, LLC, GNC CORPORATION, VITAMIN SHOPPE INDUSTRIES INC.,

3   and THE VITAMIN SHOPPE ("Defendants") answer the Complaint filed by

4   Plaintiffs LAURIE NADURA, ANGELA ABRIL-GUTHMILLER, SARAH

5   ROGERS, JENNIFER APES, ELLEN BEEDIE[1], EDMUNDO CRUZ, and

6   CHRISTOPHER ALMANZA ("Plaintiffs") as follows.

7       Defendants deny each and every allegation contained in each and every

8   paragraph of the COMPLAINT, except as expressly admitted below, or those denied

9   due to lack of knowledge and information, as set forth below.

10      This answer is served on behalf of multiple defendants.  With respect to

11  allegations not specifically alleged against, and concerning, a particular defendant, the

12  admissions and/or denials set forth below are based upon constructive knowledge,

13  rather than on personal knowledge.

14                          **DEFENDANT PARTIES**

15      **I.      Product Designer, Marketer, and Distributor**

16      1.      With respect to paragraph 1 of the COMPLAINT, Defendants admit that

17  USPlabs OxyElite, LLC and USPlabs OxyElite PN, LLC are limited liability

18  companies formed under the laws of the state Wyoming with their principal place of

19  business in Dallas, Texas.  Defendants admit that USPlabs, LLC is a Texas limited

20  liability company with its principal place of business in Dallas, Texas.  Defendants

21  deny as stated the remainder of the allegations and Plaintiffs' mischaracterization of

22  their business activities.

23      2.      With respect to paragraph 2, Defendants deny as stated the allegations

24  contained in paragraph 2 of the COMPLAINT.

25      3.      With respect to paragraph 3 of the COMPLAINT, Defendants admit that

26  Jonathan Vincent Doyle and Jacob Geissler are individuals who have ownership

27  interest in USPlabs and have executive positions in USPlabs.  Defendants deny the

28

---

[1] Plaintiffs Jennifer Apes and Ellen Beedie recently filed dismissals without prejudice.

**ANSWER TO COMPLAINT**

remaining allegations contained in paragraph 3 of the COMPLAINT.

4.     With respect to paragraph 4 of the COMPLAINT, Defendants deny the allegations contained in paragraph 4 of the COMPLAINT.

5.     With respect to paragraph 5 of the COMPLAINT, the allegations are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein as written.

6.     With respect to paragraph 6 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

<u>Identical Ownership and Concealment of Responsible Entities</u>

7.     With respect to paragraph 7 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein as written.

8.     With respect to paragraph 8 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

9.     With respect to paragraph 9 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein as written.

10.     With respect to paragraph 10 of the COMPLAINT, Defendants deny the allegations contained therein.

<u>Use of the Same Offices or Employees</u>

11.     With respect to paragraph 11 of the COMPLAINT, to the extent it references a written document, that document is self-evident, and to the extent the allegations of paragraph 11 mischaracterize the same, the allegations are denied. Defendants deny the remaining allegations contained in paragraph 11 of the COMPLAINT.

12.     With respect to paragraph 12 of the COMPLAINT, to the extent it

ANSWER TO COMPLAINT

references a written document, that document is self-evident, and to the extent the allegations of paragraph 12 mischaracterize the same, the allegations are denied. Defendants deny the remaining allegations contained in a paragraph 12 of the COMPLAINT.

13.     With respect to paragraph 13 of the COMPLAINT, Defendants deny as stated the allegations contained in paragraph 13 of the COMPLAINT.

14.     With respect to paragraph 14 of the COMPLAINT, Defendants admit that Doyle is president of USPlabs, LLC and Geissler is CEO of USPlabs, LLC. Defendants deny as written the remaining allegations contained in paragraph 14 of the COMPLAINT.

Use of the Same Attorney

15.     With respect to paragraph 15 of the COMPLAINT, Defendants admit that USPlabs, LLC, USPlabs OxyElite, LLC and USP OxyElite PN, LLC are represented in the instant matter by the same firm.  Defendants deny as written the remaining allegations contained in paragraph 15 of the COMPLAINT.

16.     With respect to paragraph 16 of the COMPLAINT, to the extent it references a written document, that document is self-evident, and to the extent the allegations of paragraph 16 mischaracterize the same, the allegations are denied. Further, Defendants admit that it currently utilizes counsel in trademark applications. To the extent the allegations of paragraph 16 require any further response, the allegations are denied.

Lack of Corporate Formalities

17.     Defendants deny the allegations contained in paragraph 17 of the COMPLAINT.

18.     With respect to paragraph 18 of the COMPLAINT, Defendants deny as stated the allegations contained in paragraph 18 of the COMPLAINT.

Day to Day Control of GEISSLER and DOYLE/Instrumentalities

19.     With respect to paragraph 19 of the COMPLAINT, Defendants deny the

4

ANSWER TO COMPLAINT

allegations contained in paragraph 19 of the COMPLAINT.

20.     With respect to paragraph 20 of the COMPLAINT, to the extent it references a written document, that document is self-evident, and to the extent the allegations of paragraph 20 mischaracterize the same, the allegations are denied. Defendants deny the remaining allegations contained in a paragraph 20 of the COMPLAINT.

21.     With respect to paragraph 21 of the COMPLAINT, Defendants deny the allegations contained in paragraph 21 of the COMPLAINT.

<u>Commingling of Funds</u>

22.     With respect to paragraph 22 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

23.     With respect to paragraph 23 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

24.     With respect to paragraph 24 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

<u>Injustice/Use of Corporate Form to Defeat a Rightful Claim</u>

25.     With respect to paragraph 25 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

26.     With respect to paragraph 26 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein

27.     With respect to paragraph 27 of the COMPLAINT, Defendants deny the allegations contained therein.

28.     With respect to paragraph 28 of the COMPLAINT, the allegations are

5

ANSWER TO COMPLAINT

conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

29.     With respect to paragraph 29 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

30.     With respect to paragraph 30 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

31.     With respect to paragraph 31 of the COMPLAINT, Defendants admit that USPlabs, LLC was doing business in the State of California.  Defendants deny the remaining allegations contained in paragraph 31 of the COMPLAINT.

32.     With respect to paragraph 32 of the COMPLAINT, Defendants admit that USPlabs, LLC transacted business in the State of California.  Defendants deny the remaining allegations contained in paragraph 32 of the COMPLAINT.

33.     With respect to paragraph 33 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

**II.    Retailers**

34.     With respect to paragraph 34 of the COMPLAINT, Defendants admit that GNC Corporation is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania.  Defendants deny as stated the remainder of the allegations and Plaintiffs' mischaracterization of their business activities.

35.     With respect to paragraph 35 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

36.     With respect to paragraph 36 of the COMPLAINT, Defendants admit that VITAMIN SHOPPE INDSUTRIES INC. and the VITAMIN SHOPPE are New York corporations with their principle place of business in North Bergen, New Jersey.

ANSWER TO COMPLAINT

Defendants deny as stated the remainder of the allegations and Plaintiffs' mischaracterization of their business activities.

37.    With respect to paragraph 37 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

38.    With respect to paragraph 38 of the COMPLAINT, no response is required by Defendants.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

**III.    <u>Contract Manufacturers</u>**

39.    With respect to paragraph 39 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

40.    With respect to paragraph 40 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

41.    With respect to paragraph 41 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

42.    With respect to paragraph 42 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

43.    With respect to paragraph 43 of the COMPLAINT, no response is required by Defendants.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

**IV.    <u>Doe Defendants</u>**

44.    With respect to paragraph 44 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

7

45.     With respect to paragraph 45 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

### PLAINTIFF LAURIE NADURA

46.     With respect to paragraph 46 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

47.     With respect to paragraph 47 of the COMPLAINT, Defendants deny that OxyElite Pro New Formula was not safe and not effective for its advertised use. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis deny the remainder of the allegations in paragraph 47 of the COMPLAINT.

48.     With respect to paragraph 48 of the COMPLAINT, Defendants lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

49.     With respect to paragraph 49 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

50.     With respect to paragraph 50 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

### PLAINTIFF ANGELA ABRIL-GUTHMILLER

51.     With respect to paragraph 51 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

52.     With respect to paragraph 52 of the COMPLAINT, Defendants deny that OxyElite Pro Super Thermo was not safe and not effective for its advertised use. Defendants lack sufficient knowledge or information to form a belief as to the truth of

the remaining allegations contained in said paragraph and on that basis deny the remainder of the allegations in paragraph 52 of the COMPLAINT.

53.     With respect to paragraph 53 of the COMPLAINT, Defendants lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

54.     With respect to paragraph 54 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

55.     With respect to paragraph 55 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

## PLAINTIFF SARAH ROGERS

56.     With respect to paragraph 56 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

57.     With respect to paragraph 57 of the COMPLAINT, Defendants deny that OxyElite Ultra-Intense Thermo was not safe and not effective for its advertised use. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis deny the remainder of the allegations in paragraph 57 of the COMPLAINT.

58.     With respect to paragraph 58 of the COMPLAINT, Defendants lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

59.     With respect to paragraph 59 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

60.     With respect to paragraph 60 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations

1  contained in said paragraph and on that basis deny the same.

2  **PLAINTIFF JENNIFER APES**

3      61.     With respect to paragraph 61 of the COMPLAINT, Plaintiff Jennifer

4  Apes has dismissed her action without prejudice; therefore, no response is required.

5  To the extent a response is deemed necessary, Defendants deny the allegations

6  contained therein.

7      62.     With respect to paragraph 62 of the COMPLAINT, Plaintiff Jennifer

8  Apes has dismissed her action without prejudice; therefore, no response is required.

9  To the extent a response is deemed necessary, Defendants deny the allegations

10  contained therein.

11      63.     With respect to paragraph 63 of the COMPLAINT, Plaintiff Jennifer

12  Apes has dismissed her action without prejudice; therefore, no response is required.

13  To the extent a response is deemed necessary, Defendants deny the allegations

14  contained therein.

15      64.     With respect to paragraph 64 of the COMPLAINT, Plaintiff Jennifer

16  Apes has dismissed her action without prejudice; therefore, no response is required.

17  To the extent a response is deemed necessary, Defendants deny the allegations

18  contained therein.

19      65.     With respect to paragraph 65 of the COMPLAINT, Plaintiff Jennifer

20  Apes has dismissed her action without prejudice; therefore, no response is required.

21  To the extent a response is deemed necessary, Defendants deny the allegations

22  contained therein.

23  **PLAINTIFF ELLEN BEEDIE**

24      66.     With respect to paragraph 66 of the COMPLAINT, Plaintiff Ellen Beedie

25  has dismissed her action without prejudice; therefore, no response is required.  To the

26  extent a response is deemed necessary, Defendants deny the allegations contained

27  therein.

28      67.     With respect to paragraph 67 of the COMPLAINT, Plaintiff Ellen Beedie

**ANSWER TO COMPLAINT**

has dismissed her action without prejudice; therefore, no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

68.    With respect to paragraph 68 of the COMPLAINT, Plaintiff Ellen Beedie has dismissed her action without prejudice; therefore, no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

69.    With respect to paragraph 69 of the COMPLAINT, Plaintiff Ellen Beedie has dismissed her action without prejudice; therefore, no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

70.    With respect to paragraph 70 of the COMPLAINT, Plaintiff Ellen Beedie has dismissed her action without prejudice; therefore, no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

## **PLAINTIFF EDMUNDO CRUZ**

71.    With respect to paragraph 71 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

72.    With respect to paragraph 72 of the COMPLAINT, Defendants deny that OxyElite Pro Super Thermo was not safe and not effective for its advertised use. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis deny the remainder of the allegations in paragraph 72 of the COMPLAINT.

73.    With respect to paragraph 73 of the COMPLAINT, Defendants lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

74.    With respect to paragraph 74 of the COMPLAINT, Defendants lack

ANSWER TO COMPLAINT

sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

75. With respect to paragraph 75 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

## PLAINTIFF CHRISTOPHER ALMANZA

76. With respect to paragraph 76 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

77. With respect to paragraph 77 of the COMPLAINT, Defendants deny that OxyElite Pro Super Thermo Powder was not safe and not effective for its advertised use. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis deny the remainder of the allegations in paragraph 77 of the COMPLAINT.

78. With respect to paragraph 78 of the COMPLAINT, Defendants lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

79. With respect to paragraph 79 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

80. With respect to paragraph 80 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

## FACTUAL BACKGROUND

### *The OxyElite Pro Products*

81. With respect to paragraph 81 of the COMPLAINT, Defendants deny as written the allegations in the paragraph except to admit that OxyElite Pro Super Thermo Powder is the name of one of four products in the OxyElite Pro product line.

ANSWER TO COMPLAINT

82.    With respect to paragraph 82 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

83.    With respect to paragraph 83 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

84.    With respect to paragraph 84 of the COMPLAINT, Defendants deny the allegations as written.

85.    With respect to paragraph 85 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

*USP Fails to Learn Its Lesson from Prior Formulations of OxyElite, Which Contained DMAA, a Dangerous Chemical*

86.    With respect to paragraph 86 of the COMPLAINT, Defendants admit that USPlabs had an OxyElite Pro product that contained DMAA.  Defendants deny as written the remaining allegations contained in paragraph 86 of the COMPLAINT.

87.    With respect to paragraph 87 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

88.    With respect to paragraph 88 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

89.    With respect to paragraph 89 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

90.    With respect to paragraph 90 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

ANSWER TO COMPLAINT

91.     With respect to paragraph 91 of the COMPLAINT, the allegations are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

92.     With respect to paragraph 92 of the COMPLAINT, the allegations are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

93.     With respect to paragraph 93 of the COMPLAINT, the allegations are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

94.     With respect to paragraph 94 of the COMPLAINT, to the extent the paragraph refers to the FDA letter, the documents speaks for itself and to the extent the allegations of paragraph 94 mischaracterize the same, the allegations are denied. Defendants deny the remainder of the allegations contained in paragraph 94 of the COMPLAINT.

95.     With respect to paragraph 95 of the COMPLAINT, the allegations are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

96.     With respect to paragraph 96 of the COMPLAINT, the allegations are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

97.     With respect to paragraph 97 of the COMPLAINT, to the extent the paragraph refers to the April 27, 2012 FDA letter, the document speaks for itself and to the extent the allegations of paragraph 97 mischaracterize the same, the allegations are denied. Defendants deny the remainder of the allegations contained in paragraph 97 of the COMPLAINT.

98.     With respect to paragraph 98 of the COMPLAINT, to the extent the paragraph refers to the April 11, 2013 FDA document, the document speaks for itself and to the extent the allegations of paragraph 98 mischaracterize the same, the

allegations are denied.  Defendants deny the remainder of the allegations contained in paragraph 98 of the COMPLAINT.

99.   With respect to paragraph 99 of the COMPLAINT, Defendants deny the allegations.

100.   With respect to paragraph 100 of the COMPLAINT, Defendants deny the allegations.

101.   With respect to paragraph 101, Defendants deny as written the allegations in paragraph 101 of the COMPLAINT.  To the extent that the allegations refer to an USPlabs press release, the document speaks for itself.

*USP Markets OxyElite Pro New Formula, the Next Generation of Untested and Dangerous Dietary Supplements*

102.   With respect to paragraph 102 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

103.   With respect to paragraph 103 of the COMPLAINT, to the extent the paragraph refers to any specific study, the document speaks for itself and to the extent the allegations of paragraph 103 mischaracterize the same, the allegations are denied.  The remainder of the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

104.   With respect to paragraph 104 of the COMPLAINT, to the extent the paragraph refers to the September 26, 2013 press release by the Hawaii State Department of Health, the document speaks for itself and to the extent the allegations of paragraph 104 mischaracterize the same, the allegations are denied.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis deny the remainder of the allegations in paragraph 104 of the COMPLAINT.

105.   With respect to paragraph 105 of the COMPLAINT, Defendants lack

1   sufficient knowledge or information to form a belief as to the truth of the allegations

2   contained in said paragraph and on that basis deny the same.

3       106.   With respect to paragraph 106 of the COMPLAINT, to the extent the

4   paragraph refers to any written document, the document speaks for itself and to the

5   extent the allegations of paragraph 106 mischaracterize the same, the allegations are

6   denied.  Defendants lack sufficient knowledge or information to form a belief as to the

7   truth of the remaining allegations contained in said paragraph and on that basis deny

8   the remainder of the allegations in paragraph 106 of the COMPLAINT.

9       107.   With respect to paragraph 107 of the COMPLAINT, to the extent the

10   paragraph refers to a written document, the document speaks for itself and to the

11   extent the allegations of paragraph 107 mischaracterize the same, the allegations are

12   denied.  Defendants lack sufficient knowledge or information to form a belief as to the

13   truth of the remaining allegations contained in said paragraph and on that basis deny

14   the remainder of the allegations in paragraph 107 of the COMPLAINT.

15       108.   With respect to paragraph 108 of the COMPLAINT, Defendants lack

16   sufficient knowledge or information to form a belief as to the truth of the allegations

17   contained in said paragraph and on that basis deny the same.

18       109.   With respect to paragraph 109 of the COMPLAINT, to the extent the

19   paragraph refers to the FDA Letters, the documents speak for themselves and to the

20   extent the allegations of paragraph 109 mischaracterize the same, the allegations are

21   denied.  Defendants lack sufficient knowledge or information to form a belief as to the

22   truth of the remaining allegations contained in said paragraph and on that basis deny

23   the remainder of the allegations in paragraph 109 of the COMPLAINT.

24       110.   With respect to paragraph 110 of the COMPLAINT, to the extent the

25   paragraph attempts to refer to a written document, the document speaks for itself and

26   to the extent the allegations of paragraph 110 mischaracterize the same, the allegations

27   are denied.  Defendants lack sufficient knowledge or information to form a belief as to

28   the truth of the remaining allegations contained in said paragraph and on that basis

ANSWER TO COMPLAINT

deny the same.

111.    With respect to paragraph 111 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

112.    With respect to paragraph 112 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny as written the allegations contained therein.

113.    With respect to paragraph 113 of the COMPLAINT, to the extent the paragraph refers to a written document, the document speaks for itself and to the extent the allegations of paragraph 113 mischaracterize the same, the allegations are denied.  The remaining allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

114.    With respect to paragraph 114 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the allegations in paragraph 114 of the COMPLAINT.

115.    With respect to paragraph 115 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

*USP's Failure to Use Current Good Manufacturing Processes Places Consumers at an Unreasonable Risk*

116.    With respect to paragraph 116 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

117.    With respect to paragraph 117 of the COMPLAINT, to the extent the paragraph refers to a written document, the document speaks for itself and to the extent the allegations of paragraph 117 mischaracterize the same, the allegations are

1   denied.  Defendants lack sufficient knowledge or information to form a belief as to the

2   truth of the remaining allegations contained in said paragraph and on that basis deny

3   the remainder of the allegations in paragraph 117 of the COMPLAINT.

4        118.   With respect to paragraph 118 of the COMPLAINT, the allegations are

5   conclusions of law to which no response is required.  To the extent a response is

6   deemed necessary, Defendants deny the allegations contained therein.

7

8                               **<u>COUNT I</u>**

9                              **NEGLIGENCE**

10         **(All Plaintiffs Against USP and Does 1-500)**

11        119.   With respect to paragraph 119 of the COMPLAINT, Defendants repeat

12   and incorporate by reference its responses to paragraphs 1 through 118 above as if set

13   forth in full.  Defendants deny all allegations except those specifically admitted.

14        120.   With respect to paragraph 120 of the COMPLAINT, the allegations are

15   conclusions of law to which no response is required.  To the extent a response is

16   deemed necessary, Defendants deny the allegations contained therein.

17        121.   With respect to paragraph 121 of the COMPLAINT, the allegations are

18   conclusions of law to which no response is required.  To the extent a response is

19   deemed necessary, Defendants deny the allegations contained therein.

20        122.   With respect to paragraph 122 of the COMPLAINT, the allegations are

21   conclusions of law to which no response is required.  To the extent a response is

22   deemed necessary, Defendants deny the allegations contained therein.

23        123.   With respect to paragraph 123 of the COMPLAINT, the allegations are

24   conclusions of law to which no response is required.  To the extent a response is

25   deemed necessary, Defendants deny the allegations contained therein.

26

27

28

**ANSWER TO COMPLAINT**

## COUNT II

### NEGLIGENCE

**(Plaintiffs Abril-Guthmiller, Apes, Cruz, and Nadura Against GNC)**

**(Plaintiff Beedie Against Vitamin Shoppe)**

124.   With respect to paragraph 124 of the COMPLAINT, Defendants repeat and incorporate by reference its responses to paragraphs 1 through 123 above as if set forth in full.  Defendants deny all allegations except those specifically admitted.

125.   With respect to paragraph 125 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

126.   With respect to paragraph 126 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

127.   With respect to paragraph 127 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

128.   With respect to paragraph 128 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

## COUNT III

### NEGLIGENCE

**(All Plaintiffs Against MANUFACTURERS)**

129.   With respect to paragraph 129 of the COMPLAINT, Defendants repeat and incorporate by reference its responses to paragraphs 1 through 128 above as if set forth in full.  Defendants deny all allegations except those specifically admitted.

130.   Count III is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 130 of the COMPLAINT.  To the extent a response is deemed necessary, Defendants deny the allegations contained

ANSWER TO COMPLAINT

therein.

131.   Count III is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 131 of the COMPLAINT.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

132.   Count III is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 132 of the COMPLAINT.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

133.   Count III is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 133 of the COMPLAINT.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

**<u>COUNT IV</u>**

**STRICT PRODUCTS LIABILITY-MANUFACTURING DEFECT**

**(All Plaintiffs Against USP and DOES 1-500)**

134.   With respect to paragraph 134 of the COMPLAINT, Defendants repeat and incorporate by reference its responses to paragraphs 1 through 133 above as if set forth in full.  Defendants deny all allegations except those specifically admitted.

135.   With respect to paragraph 135 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

136.   With respect to paragraph 136 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

137.   With respect to paragraph 137 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

ANSWER TO COMPLAINT

138.   With respect to paragraph 138 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

139.   With respect to paragraph 139 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

140.   With respect to paragraph 140 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

141.   With respect to paragraph 141 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

142.   With respect to paragraph 142 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

<u>COUNT V</u>

**STRICT PRODUCTS LIABILITY-MANUFACTURING DEFECT**

**(Plaintiffs Abril-Guthmiller, Apes, Cruz, and Nadura Against GNC)**

**(Plaintiff Beedie Against Vitamin Shoppe)**

143.   With respect to paragraph 143 of the COMPLAINT, Defendants repeat and incorporate by reference its responses to paragraphs 1 through 142 above as if set forth in full.  Defendants deny all allegations except those specifically admitted.

144.   With respect to paragraph 144 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

145.   With respect to paragraph 145 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

ANSWER TO COMPLAINT

146.   With respect to paragraph 146 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

147.   With respect to paragraph 147 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

148.   With respect to paragraph 148 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

149.   With respect to paragraph 149 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

150.   With respect to paragraph 150 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

151.   With respect to paragraph 151 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

## <u>COUNT VI</u>

### STRICT PRODUCTS LIABILITY-MANUFACTURING DEFECT

### (All Plaintiffs Against MANUFACTURERS)

152.   With respect to paragraph 152 of the COMPLAINT, Defendants repeat and incorporate by reference its responses to paragraphs 1 through 151 above as if set forth in full.  Defendants deny all allegations except those specifically admitted.

153.   Count VI is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 153 of the COMPLAINT.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

154.   Count VI is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 154 of the COMPLAINT.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

155.   Count VI is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 155 of the COMPLAINT.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

156.   Count VI is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 156 of the COMPLAINT.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

157.   Count VI is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 157 of the COMPLAINT.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

158.   Count VI is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 158 of the COMPLAINT.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

159.   Count VI is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 159 of the COMPLAINT.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

160.   Count VI is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 160 of the COMPLAINT.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

ANSWER TO COMPLAINT

## COUNT VII

### STRICT PRODUCTS LIABILITY-DESIGN DEFECT

### (All Plaintiffs Against USP and DOES 1-500)

161.  With respect to paragraph 161 of the COMPLAINT, Defendants repeat and incorporate by reference its responses to paragraphs 1 through 160 above as if set forth in full.  Defendants deny all allegations except those specifically admitted.

162.  With respect to paragraph 162 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

163.  With respect to paragraph 163 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

164.  With respect to paragraph 164 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

165.  With respect to paragraph 165 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

166.  With respect to paragraph 166 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

167.  With respect to paragraph 167 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

168.  With respect to paragraph 168 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

169.  With respect to paragraph 169 of the COMPLAINT, Defendants lack

ANSWER TO COMPLAINT

1  sufficient knowledge or information to form a belief as to the truth of the allegations

2  contained in said paragraph and on that basis deny the same.

3      170.   With respect to paragraph 170 of the COMPLAINT, the allegations are

4  conclusions of law to which no response is required.  To the extent a response is

5  deemed necessary, Defendants deny the allegations contained therein.

6  <u>**COUNT VIII**</u>

7  **STRICT PRODUCTS LIABILITY-DESIGN DEFECT**

8  **(Plaintiffs Abril-Guthmiller, Apes, Cruz, and Nadura Against GNC)**

9  **(Plaintiff Beedie Against Vitamin Shoppe)**

10      171.   With respect to paragraph 171 of the COMPLAINT, Defendants repeat

11  and incorporate by reference its responses to paragraphs 1 through 170 above as if set

12  forth in full.  Defendants deny all allegations except those specifically admitted.

13      172.   With respect to paragraph 172 of the COMPLAINT, the allegations are

14  conclusions of law to which no response is required.  To the extent a response is

15  deemed necessary, Defendants deny the allegations contained therein.

16      173.   With respect to paragraph 173 of the COMPLAINT, the allegations are

17  conclusions of law to which no response is required.  To the extent a response is

18  deemed necessary, Defendants deny the allegations contained therein.

19      174.   With respect to paragraph 174 of the COMPLAINT, the allegations are

20  conclusions of law to which no response is required.  To the extent a response is

21  deemed necessary, Defendants deny the allegations contained therein.

22      175.   With respect to paragraph 175 of the COMPLAINT, the allegations are

23  conclusions of law to which no response is required.  To the extent a response is

24  deemed necessary, Defendants deny the allegations contained therein.

25      176.   With respect to paragraph 176 of the COMPLAINT, the allegations are

26  conclusions of law to which no response is required.  To the extent a response is

27  deemed necessary, Defendants deny the allegations contained therein.

28      177.   With respect to paragraph 177 of the COMPLAINT, the allegations are

ANSWER TO COMPLAINT

conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

178.   With respect to paragraph 178 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

179.   With respect to paragraph 179 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

180.   With respect to paragraph 180 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

**<u>COUNT IX</u>**

**STRICT PRODUCTS LIABILITY-DESIGN DEFECT**

**(All Plaintiffs Against MANUFACTURERS)**

181.   With respect to paragraph 181 of the COMPLAINT, Defendants repeat and incorporate by reference its responses to paragraphs 1 through 180 above as if set forth in full.  Defendants deny all allegations except those specifically admitted.

182.   Count IX is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 182 of the COMPLAINT.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

183.   Count IX is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 183 of the COMPLAINT.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

184.   Count IX is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 184 of the COMPLAINT.  To the extent a response is deemed necessary, Defendants deny the allegations contained

26

**ANSWER TO COMPLAINT**

therein.

185.    Count IX is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 185 of the COMPLAINT.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

186.    Count IX is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 186 of the COMPLAINT.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

187.    Count IX is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 187 of the COMPLAINT.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

188.    Count IX is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 188 of the COMPLAINT.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

189.    Count IX is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 189 of the COMPLAINT.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

190.    Count IX is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 190 of the COMPLAINT.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

ANSWER TO COMPLAINT

## COUNT X

## STRICT PRODUCTS LIABILITY-FAILURE TO WARN

### (All Plaintiffs Against USP and DOES 1-500)

191.   With respect to paragraph 191 of the COMPLAINT, Defendants repeat and incorporate by reference its responses to paragraphs 1 through 190 above as if set forth in full.  Defendants deny all allegations except those specifically admitted.

192.   With respect to paragraph 192 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

193.   With respect to paragraph 193 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

194.   With respect to paragraph 194 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

195.   With respect to paragraph 195 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

196.   With respect to paragraph 196 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

197.   With respect to paragraph 197 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

198.   With respect to paragraph 198 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

199.   With respect to paragraph 199 of the COMPLAINT, Defendants lack

1  sufficient knowledge or information to form a belief as to the truth of the allegations

2  contained in said paragraph and on that basis deny the same.

3       200.   With respect to paragraph 200 of the COMPLAINT, the allegations are

4  conclusions of law to which no response is required.  To the extent a response is

5  deemed necessary, Defendants deny the allegations contained therein.

6                                    <u>COUNT XI</u>

7              **STRICT PRODUCTS LIABILITY-FAILURE TO WARN**

8         **(Plaintiffs Abril-Guthmiller, Apes, Cruz, and Nadura Against GNC)**

9                  **(Plaintiff Beedie Against Vitamin Shoppe)**

10      201.   With respect to paragraph 201 of the COMPLAINT, Defendants repeat

11  and incorporate by reference its responses to paragraphs 1 through 200 above as if set

12  forth in full.  Defendants deny all allegations except those specifically admitted.

13      202.   With respect to paragraph 202 of the COMPLAINT, the allegations are

14  conclusions of law to which no response is required.  To the extent a response is

15  deemed necessary, Defendants deny the allegations contained therein.

16      203.   With respect to paragraph 203 of the COMPLAINT, the allegations are

17  conclusions of law to which no response is required.  To the extent a response is

18  deemed necessary, Defendants deny the allegations contained therein.

19      204.   With respect to paragraph 204 of the COMPLAINT, the allegations are

20  conclusions of law to which no response is required.  To the extent a response is

21  deemed necessary, Defendants deny the allegations contained therein.

22      205.   With respect to paragraph 205 of the COMPLAINT, the allegations are

23  conclusions of law to which no response is required.  To the extent a response is

24  deemed necessary, Defendants deny the allegations contained therein.

25      206.   With respect to paragraph 206 of the COMPLAINT, the allegations are

26  conclusions of law to which no response is required.  To the extent a response is

27  deemed necessary, Defendants deny the allegations contained therein.

28      207.   With respect to paragraph 207 of the COMPLAINT, the allegations are

conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

208.   With respect to paragraph 208 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

209.   With respect to paragraph 209 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

210.   With respect to paragraph 210 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

<u>COUNT XII</u>

**STRICT PRODUCTS LIABILITY-FAILURE TO WARN**

**(All Plaintiffs Against MANUFACTURERS)**

211.   With respect to paragraph 211 of the COMPLAINT, Defendants repeat and incorporate by reference its responses to paragraphs 1 through 210 above as if set forth in full.  Defendants deny all allegations except those specifically admitted.

212.   Count XII is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 212 of the COMPLAINT.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

213.   Count XII is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 213 of the COMPLAINT.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

214.   Count XII is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 214 of the COMPLAINT.  To the extent a response is deemed necessary, Defendants deny the allegations contained

**ANSWER TO COMPLAINT**

1  therein.

2      215.   Count XII is not brought against the responding Defendants.  Therefore,

3  no response is required by Defendants to paragraph 215 of the COMPLAINT.  To the

4  extent a response is deemed necessary, Defendants deny the allegations contained

5  therein.

6      216.   Count XII is not brought against the responding Defendants.  Therefore,

7  no response is required by Defendants to paragraph 216 of the COMPLAINT.  To the

8  extent a response is deemed necessary, Defendants deny the allegations contained

9  therein.

10     217.   Count XII is not brought against the responding Defendants.  Therefore,

11 no response is required by Defendants to paragraph 217 of the COMPLAINT.  To the

12 extent a response is deemed necessary, Defendants deny the allegations contained

13 therein.

14     218.   Count XII is not brought against the responding Defendants.  Therefore,

15 no response is required by Defendants to paragraph 218 of the COMPLAINT.  To the

16 extent a response is deemed necessary, Defendants deny the allegations contained

17 therein.

18     219.   Count XII is not brought against the responding Defendants.  Therefore,

19 no response is required by Defendants to paragraph 219 of the COMPLAINT.  To the

20 extent a response is deemed necessary, Defendants deny the allegations contained

21 therein.

22     220.   Count XII is not brought against the responding Defendants.  Therefore,

23 no response is required by Defendants to paragraph 220 of the COMPLAINT.  To the

24 extent a response is deemed necessary, Defendants deny the allegations contained

25 therein.

26

27

28

ANSWER TO COMPLAINT

## COUNT XIII

### BREACH OF IMPLIED WARRANTY

### (All Plaintiffs Against USP and Does 1-500)

221.   With respect to paragraph 221 of the COMPLAINT, Defendants repeat and incorporate by reference its responses to paragraphs 1 through 220 above as if set forth in full.  Defendants deny all allegations except those specifically admitted.

222.   With respect to paragraph 222 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

223.   With respect to paragraph 223 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

224.   With respect to paragraph 224 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

225.   With respect to paragraph 225 of the COMPLAINT, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny the same.

226.   With respect to paragraph 226 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

227.   With respect to paragraph 227 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

228.   With respect to paragraph 228 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

ANSWER TO COMPLAINT

1

## COUNT XIV

2

**BREACH OF IMPLIED WARRANTY**

3

**(Plaintiffs Abril-Guthmiller, Apes, Cruz, and Nadura Against GNC)**

4

**(Plaintiff Beedie Against Vitamin Shoppe)**

5    229.   With respect to paragraph 229 of the COMPLAINT, Defendants repeat

6  and incorporate by reference its responses to paragraphs 1 through 228 above as if set

7  forth in full.  Defendants deny all allegations except those specifically admitted.

8    230.   With respect to paragraph 230 of the COMPLAINT, the allegations are

9  conclusions of law to which no response is required.  To the extent a response is

10  deemed necessary, Defendants deny the allegations contained therein.

11    231.   With respect to paragraph 231 of the COMPLAINT, the allegations are

12  conclusions of law to which no response is required.  To the extent a response is

13  deemed necessary, Defendants deny the allegations contained therein.

14    232.   With respect to paragraph 232 of the COMPLAINT, the allegations are

15  conclusions of law to which no response is required.  To the extent a response is

16  deemed necessary, Defendants deny the allegations contained therein.

17    233.   With respect to paragraph 233 of the COMPLAINT, Defendants lack

18  sufficient knowledge or information to form a belief as to the truth of the allegations

19  contained in said paragraph and on that basis deny the same.

20    234.   With respect to paragraph 234 of the COMPLAINT, the allegations are

21  conclusions of law to which no response is required.  To the extent a response is

22  deemed necessary, Defendants deny the allegations contained therein.

23    235.   With respect to paragraph 235 of the COMPLAINT, the allegations are

24  conclusions of law to which no response is required.  To the extent a response is

25  deemed necessary, Defendants deny the allegations contained therein.

26    236.   With respect to paragraph 236 of the COMPLAINT, the allegations are

27  conclusions of law to which no response is required.  To the extent a response is

28  deemed necessary, Defendants deny the allegations contained therein.

ANSWER TO COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT XV

## BREACH OF IMPLIED WARRANTY

### (All Plaintiffs Against MANUFACTURERS)

237.   With respect to paragraph 237 of the COMPLAINT, Defendants repeat and incorporate by reference its responses to paragraphs 1 through 236 above as if set forth in full.  Defendants deny all allegations except those specifically admitted.

238.   Count XV is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 238 of the COMPLAINT.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

239.   Count XV is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 239 of the COMPLAINT.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

240.   Count XV is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 240 of the COMPLAINT.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

241.   Count XV is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 241 of the COMPLAINT.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

242.   Count XV is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 242 of the COMPLAINT.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

243.   Count XV is not brought against the responding Defendants.  Therefore, no response is required by Defendants to paragraph 243 of the COMPLAINT.  To the

ANSWER TO COMPLAINT

1  extent a response is deemed necessary, Defendants deny the allegations contained

2  therein.

3       244.   Count XV is not brought against the responding Defendants.  Therefore,

4  no response is required by Defendants to paragraph 244 of the COMPLAINT.  To the

5  extent a response is deemed necessary, Defendants deny the allegations contained

6  therein.

7                              **<u>COUNT XVI</u>**

8       **UNLAWFUL BUSINESS ACTS AND PRACTICES IN VIOLATION OF**

9       **CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.**

10            **(All Plaintiffs Against USP DEFENDANTS and DOES 1-500)**

11       245.   With respect to paragraph 245 of the COMPLAINT, Defendants repeat

12  and incorporate by reference its responses to paragraphs 1 through 244 above as if set

13  forth in full.  Defendants deny all allegations except those specifically admitted.

14       246.   With respect to paragraph 246 of the COMPLAINT, the allegations are

15  conclusions of law to which no response is required.  To the extent a response is

16  deemed necessary, Defendants deny the allegations contained therein.

17       247.   With respect to paragraph 247 of the COMPLAINT, the allegations are

18  conclusions of law to which no response is required.  To the extent a response is

19  deemed necessary, Defendants deny the allegations contained therein.

20       248.   With respect to paragraph 248 of the COMPLAINT, the allegations are

21  conclusions of law to which no response is required.  To the extent a response is

22  deemed necessary, Defendants deny the allegations contained therein.

23       249.   With respect to paragraph 249 of the COMPLAINT, the allegations are

24  conclusions of law to which no response is required.  To the extent a response is

25  deemed necessary, Defendants deny the allegations contained therein.

26       250.   With respect to paragraph 250 of the COMPLAINT, the allegations are

27  conclusions of law to which no response is required.  To the extent a response is

28  deemed necessary, Defendants deny the allegations contained therein.

ANSWER TO COMPLAINT

251.   With respect to paragraph 251 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

252.   With respect to paragraph 252 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

253.   With respect to paragraph 253 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

254.   With respect to paragraph 254 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

255.   With respect to paragraph 255 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

256.   With respect to paragraph 256 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

257.   With respect to paragraph 257 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

## **Punitive Damages Allegations**

### **(All Plaintiffs Against USP)**

### **(Plaintiff Abril-Guthmiller, Apes, Cruz, and Nadura Against GNC)**

258.   With respect to paragraph 258 of the COMPLAINT, Defendants repeat and incorporate by reference its responses to paragraphs 1 through 257 above as if set forth in full.  Defendants deny all allegations except those specifically admitted.

259.   With respect to paragraph 259, Defendants deny the allegations contained

therein.

260.   With respect to paragraph 260 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

261.   With respect to paragraph 261 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

262.   With respect to paragraph 262 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

263.   With respect to paragraph 263 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

264.   With respect to paragraph 264 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

265.   With respect to paragraph 265 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

266.   With respect to paragraph 266 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

267.   With respect to paragraph 267 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

268.   With respect to paragraph 268 of the COMPLAINT, the allegations are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained therein.  Defendants

ANSWER TO COMPLAINT

1  specifically deny that Plaintiffs are entitled to punitive damages.

2  **PRAYER FOR RELIEF**

3       a.     Defendants deny that Plaintiffs are entitled to the relief requested.

4       b.     Defendants deny that Plaintiffs are entitled to the relief requested.

5       c.     Defendants deny that Plaintiffs are entitled to the relief requested.

6       d.     Defendants deny that Plaintiffs are entitled to the relief requested.

7       e.     Defendants deny that Plaintiffs are entitled to the relief requested.

8       f.     Defendants deny that Plaintiffs are entitled to the relief requested.

9       g.     Defendants deny that Plaintiffs are entitled to the relief requested.

10       h.     Defendants deny that Plaintiffs are entitled to the relief requested.

11  **AFFIRMATIVE DEFENSES:**

12  Without admitting any of the allegations in the COMPLAINT, Defendants

13  assert the following affirmative defenses:

14

15  **FIRST AFFIRMATIVE DEFENSE**

16  **(Failure to State Cause of Action)**

17       1.     Plaintiffs' COMPLAINT, and each and every cause of action alleged

18  therein, fails to state facts sufficient to constitute a cause of action against Defendants.

19  **SECOND AFFIRMATIVE DEFENSE**

20  **(Statutes of Limitations)**

21       2.     Plaintiffs' COMPLAINT, and each and every cause of action alleged

22  therein, is barred by the applicable statutes of limitations.

23  **THIRD AFFIRMATIVE DEFENSE**

24  **(Laches)**

25       3.     Plaintiffs have unreasonably delayed the commencement of this action to

26  the prejudice of Defendants.  Therefore, Plaintiffs' COMPLAINT, and each and every

27  cause of action alleged therein is barred, in whole or in part, by the doctrine of laches.

28

**ANSWER TO COMPLAINT**

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Notify)

4.     These Defendants are informed and believe, and therefore allege that Plaintiffs have failed to provide timely notice, within a reasonable period of time after discovery of their claims and alleged defects.  As a result, Defendants have been damaged and prejudiced.  Therefore the COMPLAINT, and each cause of action therein, is barred as a matter of law.

## FIFTH AFFIRMATIVE DEFENSE

### (Complete Performance)

5.     Defendants have appropriately, completely and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the COMPLAINT.

## SIXTH AFFIRMATIVE DEFENSE

### (Compliance with Laws)

6.     Defendants have complied with all laws and regulations with regard to the subject matter of Plaintiffs' COMPLAINT, and are therefore not liable to Plaintiffs for any damages they may have sustained, if any.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7.     Plaintiffs are estoped from obtaining the relief sought, or pursing any of the claims raised or causes of actions contained in the COMPLAINT, by virtue of their acts, failures to act, conduct, representations, admissions, and the like.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

8.     Plaintiffs have waived their rights to the claims, causes of action and relief sought in the COMPLAINT against Defendants, by virtue of their acts, failures to act, conduct, representations, admissions, and the like.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### NINTH AFFIRMATIVE DEFENSE

**(Independent Causes)**

9.     The alleged injuries, damages or loss, if any, for which Plaintiff seeks recovery, were the result of causes independent of any purported acts or omissions on the part of these Defendants, or any of their agents, representatives or employees, thereby eliminating or reducing the alleged liability of these Defendants.

### TENTH AFFIRMATIVE DEFENSE

**(Proximate Cause)**

10.    These Defendants are informed and believe, and therefore allege, that the acts or omissions of Defendants, if any, were not the proximate cause of the losses, damages or injuries alleged in the COMPLAINT.  The damages suffered by Plaintiff, if any, were caused in whole or in part by the wrongful acts and omissions of persons and entities other than these Defendants.  Further, such wrongful acts and omissions constitute an intervening and superseding cause.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Comparative Fault of Others)**

11.    At all times and places set forth in the COMPLAINT, parties other than this answering Defendants, including but not limited to co-defendants, cross-complainants and cross-defendants ("other parties"), may have failed to exercise ordinary care on behalf of themselves and others, which negligence and carelessness may have been a proximate cause of some or all of the injuries and damages complained of in this action, if any.  Therefore, the fault of these Defendants, if any, should be compared with the fault of the other parties, and damages, if any, should be apportioned among the other parties in direct relation to each party's comparative fault in accordance with the principals of equitable indemnity and comparative contribution. These Defendants should be obligated to pay only such damages, if any, which are directly attributable to their independent percentage of comparative fault.

ANSWER TO COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TWELFTH AFFIRMATIVE DEFENSE

### (Comparative Fault of Plaintiffs)

12.    At all times and places set forth in the COMPLAINT, Plaintiffs may have failed to exercise ordinary care on their own behalf concerning the subject matter of the COMPLAINT, which negligence and carelessness was a proximate cause of some or all of the injuries and damages complained of in this action, if any.  Plaintiffs' recovery against these Defendants, therefore, should be barred or reduced according to principles of comparative negligence.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

13.    These Defendants are informed and believe, and therefore allege that the damages suffered by Plaintiffs, if any, were caused in whole or in part by risks knowingly, voluntarily, legally and/or contractually assumed by Plaintiffs.  As such, Plaintiffs are barred from any recovery against these Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

14.    If Plaintiffs have suffered any loss, damage or injury, it was directly or proximately caused by and is the result of Plaintiffs' conduct and/or their potential failure to mitigate any such loss, damage or injury.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Joint and Several Liability for Non-Economic Losses)

15.    If any liability is found on the part of these Defendants, although such liability is expressly denied, these Defendants may be held liable only for the amount of non-economic damages allocated to them in direct proportion to each Defendant's independent percentage of fault, if any, pursuant to California Civil Code Section 1431.2.

ANSWER TO COMPLAINT

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Product Modification)

16.    Upon information and belief, the incidents complained of in the COMPLAINT and the alleged damages may have been caused by the subsequent alteration, modification and/or change of the product.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Misuse of Product)

17.    Upon information and belief, Plaintiffs' alleged damages, if any, may have been caused by misuse of the product.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Privity)

18.    Upon information and belief, Plaintiffs' causes of action are barred by reason of a lack of privity between the parties.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Conformity with State of the Art)

19.    Upon information and belief, Plaintiff's claims are barred because the subject product(s) was designed, manufactured, and marketed in accordance with the state of the art and when the product left each defendant's control, no practical and technically feasible alternative formulation was available that would have prevented the harm for which plaintiff seeks to recover without substantially impairing the safety, efficacy, or usefulness of the product for its intended use.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Compliance with Regulations)

20.    Upon information and belief, at all times during the design, manufacture, assembly, and inspection of said products, the same were in compliance with all applicable federal and state legislative regulatory standards or administrative regulatory safety standards relating to the design and manufacture of the subject products, and therefore, Plaintiffs may not recover against answering defendants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Preemption)

21.    Plaintiffs' claims for injuries are barred by the doctrine of preemption.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Learned Intermediary Doctrine)

22.    Plaintiffs' claims may be barred, or reduced, by the learned intermediary doctrine.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Idiosyncratic Condition)

23.    Plaintiffs' alleged damages were the result of an idiosyncratic condition and are unrelated to any conduct of Defendants.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Control)

24.    Plaintiffs' alleged damages were caused by parties, circumstances, or conditions over which Defendants had no control or right of control.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Warranties)

25.    Defendants made no warranties to Plaintiffs.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Warranties Expired)

26.    To the extent warranties apply, all alleged damages occurred after all applicable warranties expired.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Adequate Warnings)

27.    The product complained of contained adequate warnings and instructions.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Give Timely Notice)**

28.     Plaintiffs failed to give timely notice of any breach of express and/or implied warranties as may be required by law.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Compliance with Specifications)**

29.     The product complained of was designed and manufactured in compliance with all applicable design and manufacturing specifications.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Additional Affirmative Defenses)**

30.     Defendants reserve the right to raise and plead additional defenses and/or affirmative defenses which might become known during the course of discovery, as well as to dismiss any defenses which, as a result of discovery, are determined to be unsupported by good faith reliance upon either the Complaints or the law, or a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

WHEREFORE, Defendants pray for the following relief:

1.     That Plaintiffs take nothing by reason of their COMPLAINT and that this action be dismissed in its entirety and with prejudice;

2.     That judgment be entered in favor of Defendants, on all causes of action;

3.     That Defendants recover their costs of suit incurred herein as well as attorneys' fees to the extent permitted by law; and

4.     That Defendants be awarded such other and further relief as the Court may deem just and proper.

ANSWER TO COMPLAINT

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2        Defendants hereby demand a trial by jury.

3

4   Dated: June 19, 2015                    COZEN O'CONNOR

5

6                                          By: /s/ Amy B. Alderfer
                                               Amy B. Alderfer
7                                              Brett N. Taylor

8                                          Attorneys for Defendants
                                           USPLABS, LLC, GNC CORPORATION,
9                                          VITAMIN SHOPPE INDUSTRIES INC.,
                                           and THE VITAMIN SHOPPE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT